Case number 221828, USA v. Joseph Gray. Argument not to exceed 15 minutes per side. Mr. Brown, you may proceed. Good morning. Good morning and may it please the court. My name is McGavin Brown. I'm CJA counsel for Joseph Gray and I reserved four minutes for rebuttal. I've raised four arguments in my principal brief and I hope to spend our limited time this morning focusing on the restitution argument. The district court ordered Joseph Gray to pay more than $264,000 in restitution to the VA and it based that award on alleged overpayments spanning a 15-year period from October 2004 through July 2019 and that calculation was erroneous. Under the Mandatory Victims Restitution Act, a sentencing court must tie a restitution award to the offense of and in cases like this where a conviction follows a jury trial, the offense of conviction is defined by the charging document. The indictment in this case... What about the fact that the indictment says on or about? So I mean it's got some vagueness built into it and I'm specifically asking that question because of Ellis which has a similar vagueness point in it, no later than 2015. So I'm just wondering what we do with that. So your honor, in Ellis the indictment did have some vagueness issues to it and Judge Stranch flagged those as potential problems in her concurring opinion but importantly in Judge Larson's majority opinion she explained the statute of limitations argument is the only argument that was raised and so we're not addressing any other arguments. Right, right. So ignore Ellis. What about the word about? So I think the best or the most instructive case for how courts deal with it would be a Condé from the Third Circuit which used the exact same language on or about. It alleged a conspiracy that began on or about December 1997 but then the district court included a restitution for two losses that occurred in November which is like less than a month before December 1997 and what the Third Circuit says is we don't know what on or about means but you know there's no if you look at the trial evidence or if you look at the government's theory of the case as it was presented to the jury who ultimately determined the offensive conviction. There's no reason to think it would have included losses from November even a month before. I think that analysis applies directly here. What does on or about mean? I don't know. I think Mr. Gray if he were to read his indictment I don't think he would know what on or about meant and I think importantly if you look at the you know the government's evidence that it presented at trial there was only I think one document presented or one exhibit that referenced any conduct at all that was before January 2015 and that was one report from a medical examination in August 2014 but that wasn't central to the government's theory of the case because that examination had to do with aid and attendance benefits. How does this work going forward? Let's say you win. What happens in the next indictment if the government you know here is pretty clear these three episodes but it's pretty easy to imagine a conspiracy where they don't have all you know they don't know everything not surprisingly. How would they how would they try to handle that for restitution purposes? Would they just beginning no later than and then what we then go with that that that allows you to do something a decade earlier? So I think you start with two fallback principles. One is that you know the government drafts the indictment and the ninth circuit I think said it best said you know the government drafts the indictment and the government has the burden of proof to to define the indictment using clear enough language to include the full measure of conduct for which it will ultimately seek restitution. I think the second principle you have to consider is you know fair notice. A defendant should be able to look at an indictment this court said that restitution is punishment and should be able to look at indictment and fairly say if I'm convicted and I take this to trial what's the full measure of conduct for which I might be punished? So the government's 28 J letter says hey look you know we don't even have to put temporal limitations in an indictment and that's from Justice Scalia's opinion in Smith and that may be true but then my question is if you don't have to do it then why did you do it here? You don't have to include temporal limitations necessarily but what you have to do is you have to at least include sufficient facts where someone could look at the indictment and have a fair understanding that if you're going to seek restitution from 2004 the indictment should provide fair notice of that at least. So it's got to do one of two things it's either got to include like clear temporal language or it's got to include more factual information suggesting the full measure of conduct that will ultimately. So if the dates have been left out of this one they'd be able to get the full restitution? Not at all your honor if you look at the indictment it's pretty bare bones it's basically a recitation of elements with very little explanation very few factual accounts and the very first line of the indictment defines it in temporal terms you know but the government didn't have to draft it this way the government could have drafted the indictment included lots of factual information factual information from as far back as the government thought it could prove you know the has the burden you know if the government wants to seek restitution from losses from as far back as 2004 then the indictment has to you know give the the defendant fair notice of that. So it's really you know restitutions are complicated. Do you contest that during trial there was evidence that dated back to 2004? I do contest that your honor I think to my knowledge as I you know as I see the record there was one exhibit that included information from August 2014 and I'm not aware of any evidence 2014. I'm not aware of any evidence presented at trial that included any facts criminal or otherwise that predated that certainly not back October 2004. As far as I understand it I wasn't trial court counsel but based on my review of the record the first time Mr. Gray would have had any notice that the government was seeking restitution from back to 2004 is whenever he received the pre-sentence investigation report which was after his conviction and so that really I think is the crux of the problem here. So as I read this court's there's basically a three-step. Just out of curiosity they could have considered this for sentencing purposes not for restitution. That's exactly right your honor but there's a difference there and there's a pretty important difference and it's textual. So for offensive conviction purposes the guidelines say look to what they look to related conduct but the MVRA doesn't talk about conduct it talks about the offense. So subsection a1 of the MVRA says if a defendant is convicted of an offense in subsection c then the district court shall order restitution to a victim of the offense and I was sitting last night I was trying to count it up and the MVRA so section 3663a by my count uses the word offense 23 times. It's like flashing red lights to district courts whenever you're considering a restitution award look to the offense whereas guideline for guidelines purposes you consider related conduct and there's lots of that make it pretty clear related conduct can sweep in a lot of activity that's more expansive than the offense. So like I was mentioning as I read the court's cases here there's essentially a three-step order of operations that a district court has to go through for a restitution award. So first you have to define the offensive conviction and this court has two cases that tell district courts how to do that. The first case is United States v. Ellison and that says if a conviction follows a guilty plea then you define the offensive conviction by looking to plea agreement and the plea colloquy and you ask like what agreement did the parties reach but in cases like this one where a conviction follows a jury trial United States v. Jones governs and Jones says the offensive conviction is defined by the indictment and the government's 28j letter on the final footnote it actually talks about Jones and it says like the way the second circuit reads Jones is Jones says you look only at the indictment and before I go to step two and step three of the order of operations. I love the steps and all that but just if I could go to another question if you have an indictment you didn't realize the stuff that is covered by restitution goes back a decade earlier but then you learn it you know pre-trial you can do a superseding indictment I assume? So yeah I think yes your honor I think that's correct I mean I think if the government does a superseding indictment I've never seen that raised in a case but I think that would still be consistent with Jones I mean Jones says what is the offense the offense when you go to a jury trial is what is what the jury convicts you of. How about a second question no superseding indictment it's just like this case but then they re-indict your client afterwards for the 2004 up assuming there's no statute limitations problem so your statute limitations off the table can they re-indict after the first trial for the earlier because you know you one could say it's all determined by the indictment right that's that's your whole point of your step thing right and it's assuming there's no double jeopardy issues if there's just a second indictment why would there be double jeopardy issues well if it's if they're saying it's from a separate conspiracy offense you don't want to say that right can you say it's the same offense that seems to hurt everything you've just been saying if I'm saying it's the same offense so if the government charges a new indictment or files a second indictment and that indictment includes conduct back to 2004 and there's no statute of limitations problem and then the defendant goes to trial and then at that point he's convicted of that conspiracy he's convicted of a second offense then I'm not aware of any reason under you know restitution principles why he couldn't be charged restitution for those offenses too I'm not I'm not aware of any reason why you couldn't your honor so the problem in this case really is step one it's defining the offense so if you look at what the the district court did when it tried to define the offensive conviction it didn't look to the indictment at the restitution hearing transcript it looked at other stuff like it looked to the PSR it looked to testimony at the restitution hearing but that's not what Jones says to do you know Jones says when you define the offensive conviction you look to the indictment I mean that's what the grand jury charged the with that's what the defendants had fair notice of when he chose to go to trial and he had an understanding of the full measure of punishment he could receive and that's how you define the defensive conviction that's the crux of the uh of the error here and I think to find for us the this court doesn't really have to say more than that um I'll reserve the balance of my time thanks morning good morning your honors and may it please the court Catherine Dalzell on behalf of the government um I'm gonna just cut straight to the heart of the restitution issue um so the text of the statute says that restitution is for losses from the commission of the conspiracy offense including the criminal conduct in the course of the conspiracy and of course the Jones case from the circuit says the scope of the conspiracy is defined by the indictment the question here is what in the indictment defines the scope of the conspiracy and does that include the dates and the indictment and our position is no um because the essence of a conspiracy is of course the illegal illegal agreement an offense is conduct it's not when the conduct occurred for all time pardon me for all time you don't think of conspiracies as going for all time no you don't think it's time as you think of the first thing it's relevant is which people yes next the object and third I would say length of time no uh well the supreme court has said um in fact in the Grunewald case that the scope of the agreement determines the duration of the spanned all time but it depends on the scope of the agreement you know when did the conspirators get together what was their agreement how long did that last what were the basic means and objects of the conspiracy and again in the smith case from the supreme court uh it has said like the essence of it can help me out I didn't go back to alice to think about this point but how does it when you don't put dates for statute of limitations purposes that seems vulnerable to manipulation by the government in other words it's really a conspiracy from 2004 to 2007 that's what's going on that's all that happened that's when everything restitution and otherwise would arise but the government says hey the US Supreme Court has told us we don't need to talk about dates in our indictment we won't talk about dates in our indictment and that'll get us around and time's not that relevant to conspiracies that gets us around a statute of limitations problem because it leaves the suggestion it was going up to if the statute limitations five years within five years of the indictment we wouldn't casually say time doesn't matter for conspiracies when in that setting would we no and the supreme court has said that um so the statute of limitations is it's not something that the government needs to plead as part of its indictment so you know the government doesn't have to say he did x y and z elements and it was within this time period so statute of limitations isn't a problem that's not an affirmative government obligation the supreme court has said it's the obligation of the defendant to raise as a defense and then of course it would be I mean that just shows it just confirms the intuition I have that time does matter in conspiracies well it does it does matter but the dates in the indictment don't necessarily control the time matters for purposes of statute of limitations so you do have to figure out what the actual dates of the conspiracy are but our point is simply that the dates alleged in the indictment aren't necessarily determinative and that's for a lot of reasons number one the government might not know the exact duration of the conspiracy at the time of charging it might know that the defendant committed a conspiracy at least starting in 2014 that where the like ability to to draft it that your friend on the other side is talking about you know honor before you know I mean here we don't have something drafted like that that's correct um but I'm not sure what the ultimate difference would be you know if we if we could say no later than honor before such and such say we had phrased the indictment that way one of the differences is fair notice and and defining the offense which is what we're supposed to look for under the statute the the indictment does give notice of what the defendant should defend against guilt or innocence at trial um I don't think it necessarily confines the scope of restitution however because again the offense is the conduct the essence of the conspiracy is the agreement and the scope of you know the means and the co-conspirators and I think double jeopardy to circle back to your honor's question of uh our opposing counsel for double jeopardy I just want to follow up on judge boom katz's point yes on notice purposes I just don't remember the indictment would have alerted gray to this misconduct in 2004 and 2005 so a lot of things would have alerted gray to that conduct uh how about in the indictment uh well the indictment might not necessarily however uh the statute language would have been our our our position is that the statute of restitution does not limit it to the dates in the indictment it talks about the evidence what about the evidence wait wait I just I do want to get to those but I'm really puzzled by the idea that the indictment isn't supposed to give notice and you're supposed to then look at a restitution statute to figure this out well it's because the restitution statute is worded as you include losses from the criminal conduct in the course of the conspiracy and so all you have is the indictment to define the course of the conspiracy in this case we don't actually I mean we have the district court finding after a restitution hearing of course and so but going back to the statutory language point the defendant is on notice that he's on the hook for any losses that are part of this conspiracy and in fact the commission you you indicted as beginning in or about January 2015 that's correct and simply this conspiracy you didn't indict as being potentially before then it's beginning in that that that's correct and I also want to uh point out the effect of an adverse ruling in this case which is that it effectively would raise the burden of proof on the government because what we indict is what we can prove beyond a reasonable doubt and frankly the reason this language was chosen in this indictment is our trial attorney was sure you know we can prove this chunk of the pure uh the conspiracy beyond a reasonable doubt if you think of the pure uh conspiracy as a pyramid you know the base layer is the lies he started telling in 2004 and it kind of built up from there they're all the same lies they all built on each other and we charge the top part of the or indict him after the trial go after that later because we want to charge only what we can prove beyond a reasonable doubt the burden of proof for restitution is a preponderance that the judge finds and so if we had charged a conspiracy from 2004 to 2019 we certainly could have done that but if you think about what that looks like from the juror's perspective you know you go to trial you only talk about 2014 or 2015 to 2019 you tell the jury nothing about the prior 10 years because you think like well we know this conspiracy was going on but we can't necessarily prove it that's that's a little bit like the whole apprentice sentencing thing that we got him on the jaywalking it's going to be a little hard to prove the murder let's get him on the jaywalking and then we'll call related conduct the murder and have preponderance that that's that failed that failed spectacularly in that whole line of cases this court though has said for apprendi purposes that restitution does not need to be pled in the indictment and it's not a booker problem if it's not in the indictment restitution is governed by the statute there's no statutory max it just says restitution you can get restitution for the offense yes not for related conduct um not necessarily they can they can be different the statute tells us you can get restitution for the offense which is what the jury finds right whether they they beyond a reasonable doubt committed this offense yes then we can go and say okay restitution for that offense the the rest yes with a couple caveats is that the is a little bit broader than that it talks about the criminal conduct in the course of the conspiracy and it also talks about the losses from the commission of the offense and so this court's decision in ruiz lopez for example the defendant was arguing you can't hold me responsible for restitution um for something that wasn't an element of the offense for example that was a illegal possession of a gun case and in the course of that person's illegal possession of a firearm he acted recklessly and the gun discharged and hurt someone and so his argument was hey you can't hold me responsible for shooting someone because the actual offense its elements are limited to i illegally possessed a gun and so me accidentally shooting someone is not part of the scope of the offense but because of that language that restitution includes losses from the commission of the offense it does technically go allow restitution beyond the elements of the offense um so that can happen and to certain judge rayler i cut judge rayler up earlier about there being evidence of the lies in 2004 and 2005 in the trial correct so is that true there there was not evidence of that in the trial of course it did come up in the restitution hearing um doubly problematic to me i mean even if i thought we would have some room uh on your point about the indictment then you go through the entire trial there's no evidence regarding this earlier period of time i know sometimes this happens for for sentencing purposes um but it just seems that seems even this case is even worse i can imagine a case where you even had evidence during the period of times the defense on some notice of what they're fighting against but here you don't even have that record at the trial so that's correct it wasn't in the trial but i i want to make a couple points about notice um again he had notice from the statute that restitution is for these things number two he certainly had notice you know i'm really struggling with your emphasis on that because our cases are quite clear that when there's a criminal conviction we look at the indictment and the indictment just says of course the conspiracy in the indictment that naturally applies to the dates mentioned in the indictment i mean that's right that that's just a very natural reading which makes me think if we have a mistake in this area it's not what we might do here it's those cases but that's really hard for me to say he gets notice from the statute when our cases tell you just what to do with that statute and it takes you to a case where the language and the indictment is quite clear i understand your your honor's concern um the second notice point i'll just make though is that um mr gray was certainly on notice that this fraud went back to 2004 because he had an entire administrative proceeding in 2019 before he was indicted in which the va concluded hey this fraud that you've been committing went back to 2004 all criminals are on notice of their misdoings unless they have not only no conscience but amnesia and so i don't i just don't think that works as i don't think that's what notice means is i guess what i'm trying to get at just to circle back on the double jeopardy point um an anomaly that would be created by an adverse ruling in this case is that for double jeopardy purposes say we charged this uh language regarding the dates 2015 to 2019 and the question was could the government then go and indict him for 2004 to 2015 our position is that that would be precluded by double jeopardy because double jeopardy you look at what the conspiracy is which is governed by the object of the conspiracy the co-conspirators the means and methods so our position is that we would not be able to go back is this or is it your position today i'm not that i would say this but in the future as a former lawyer for the federal government right now just in a future case if the facts were different maybe you would not argue double jeopardy jeopardy otherwise is there a case that says what you're i'm not saying you're misleading no no i understand i i wouldn't i'll just add to the slight pushback i think it's not that hard to say the object was different there was three different law each each set had different goals they they were they were trying to manipulate different things so they they were certainly different benefits that he obtained okay so object of the conspiracy was different but the object our our position is and what the indictment said is the object is that they were telling lies to get benefits to which they were not entitled and if you look at the lies that they were telling it was basically the same all along don't even do a conspiracy just don't do a conspiracy just indict him for what he did we did and he was convicted it's for 2004 2005 no no no that's my point okay why why can't the second case you get this frustrating ruling about restitution why can't the second case be 2004 2005 it's just against him forget conspiracies um you're not allowed to lie to the federal government again i mean our view of this is so so much that this was the same conspiracy all along it's like a pyramid the lies and the later part of the conspiracy depended and were built on the initial lies that he told can i ask if there were other types of benefits besides these objects that we were talking about here if there are other types of benefits that he also got that were predicated on the same types of lies about about the extent of of the disabilities like that that weren't mentioned but could could those be part of a i mean the scope of our conspiracy that we alleged in the indictment is just broadly lying to the va to get benefits to which he was not entitled so if if there were other lies that you found about to the va to get some sort of other type of benefits besides these three that we have here could the judge then add that into the restitution order if the judge found it by a preponderance of evidence that the defendant had also lied about this other thing to me yeah to the extent that it falls within that definition of lying to the va to get benefits even so even if it had nothing to do with the trial it's not mentioned in the indictment the judge can just tack that on if he finds it's part of the same conspiracy which the judge did here it's the same types of lies about disability um i i also want to just quick well just one i'm sorry you're doing a great job answering our questions which we always appreciate so thank very much um but i have we have a few more so sorry sure of course um but thank you very much it's something we always appreciate when people listen and answer so you're doing a great job the are there any courts of appeals that go your way on this point i am not aware of any and so i fully recognize that we are asking you to create a circuit split because you do have the third circuit going the other way i would note a couple things about the other decisions though for example the fifth circuit decisions obviously are not favorable to our position but if you look at the fifth circuit decisions they all seem to cite back to a couple of early cases named pepper and stouffer and in those cases they say it was sufficient that the indictment described the duration of the scheme they didn't necessarily say that it was necessary to their that the indictment uh define the dates of the scheme so the fifth circuit case is all the later ones just kind of cited those without any analysis and said hey you know the dates have to be alleged in the indictment so we discard that as holding of the fifth circuit i'm not saying to discard it i'm just saying it's not minimizing minimizing the split we'd be creating i guess right right exactly and a lot of those cases just one more thing so you definitely got my attention with your argument that we're the way this works is it would effectively increase the burden on you because the only response would be to have to prove beyond a reasonable doubt a broader conspiracy i get the point i'm just trying to make sure that's correct i mean is it is it not possible to have different counts to solve that problem i mean in other words you you could have that's the 2004 2005 conspiracy i mean your point is that i'm not appreciating the care the government takes before it indicts somebody in other words they're not going to indict unless they say we can do this beyond a reasonable doubt and you felt you couldn't do that at the time with 0405 so you that's why you couldn't do a separate count so that leaves then the option of as the case unfolds you can do a supersede seating indictment not a new count that's one answer right then the next one is back end but the but the other one is the one we talked about earlier just you know no later than or for two decades but but then then we're just back into i mean if you do no later than does that increase your burden of proof um i mean i think that to the extent the court holds that if we used the no later than you know say we said no later than january of 2015 that that would allow us to go all the way back to 2004 there's not i mean we could just easily plead around that i'm not sure why i'm not i'm not optimistic how that would play out right i'm just trying to figure out the options on the table i'm good for you and appreciating that um in response to your question about the burden of proof um so if i think about it from the perspective of a juror if i'm presented with a charge or even two charges you know say we first of all i don't think we would charge it in two counts the conspiracy because we think it's the same conspiracy all along it's the same players it's the same basic lies he was doing the same thing it was different categories of benefits to be sure but they were the same type you know he was saying i can't walk i can't hold down a job so we wouldn't charge that i don't think in two separate counts but say you're a juror and uh you're the government has a charge that says from 2004 to 2019 this conspiracy happened but the government only presents evidence of the last four years of that because of course that's what we know we can prove beyond a reasonable doubt that leaves the jury wondering like what's going on with that first 10 years and we can you know give the evidence for the first back for the sentencing hearing pardon me come back for the sentencing hearing no it's a bad joke that's when they're going to find out i think i think we appreciate your point i um it may just be a problem created it may not have a quick fix that may just be the answer that's true and and so i would just point out to the extent we get an adverse ruling i you know i understand i would just point out a couple of things to consider in that which is um number one um the ruling should account for the fact that the government might not always know the full scope of the conspiracy at the time of you said there was an administrative report that was done yes investigation so your point was the defendant was on notice because that was done but you had that information too so in this case there was extra work done in addition to whatever the u.s attorney's office was doing that's true in the case so i don't know this is the best case for that point that's true i mean but again our the reality is our evidence for the first 10 years of the conspiracy is a little more meager i mean it's there we know the conspiracy happened but showing that he and the wife were like coordinating is a little more difficult than i mean the wife certainly submitted a letter in support of him in 2005 um so we can show that by a preponderance but it's not the same as the beyond a reasonable doubt so yes like everyone was on notice from the va hearing that this conspiracy went back to 2004 it's just it's a much cleaner case for the government to present the last four years the whole deficiency at least speaking strictly for me the efficiency point never does anything for me on criminal cases i i understand i understand and then a couple more things though if you have an adverse ruling we want to account for the fact that um we it's as if you're writing it i apologize i i mean no disrespect of course it's completely your decision you're writing it i'm just giving food for thought about you know more food for thought let's hear it you you want to include some limitations um number one the aid and attendance benefits that were granted in this case were backdated to august of 2014 because that's when the va found that his disability that's all for the district court right but so that's part of the conspiracy but that's just something to be aware of is that the case law in this circuit is clear that when you charge a conspiracy the start date does not need to be fixed so however you write the opinion would need to account for the fact that there is some wiggle room and indictments on conspiracy the start date does not need to be definite and also variance even for a conviction variance variances are permissible as long as the defendant had notice and is not prejudiced by that so you know that's to say to the extent the opinion says we are governed in every case by the dates and the indictment you're you're going to want to leave room for those facts um and i believe that's all i would point out for the adverse ruling possibility okay thank you so much um miss delzel we really appreciate your answering our questions they're very helpful thank you thank you very much thank you mr brown got some rebuttal um yes your honor so first of all i want to address the drafting problem like how what do we do here and i want to point the court to one case that wasn't cited any of the brief that frank briefs that frankly isn't very helpful to me uh but i think it's pretty synonymous i guess to the facts of this case which there's a lot of similarities and um here's what the court is this is an eight circuit case and it's united states versus wellsand and i would encourage the court to read that case um basically it was a va fraud case and the government charged um you know for some let me step back so it's a va fraud case basically the va had a program and the program was if a veteran is destitute and also can't work then the veteran can be eligible for certain benefits um well the defendant wellsand he filled out this application for va benefits says i can't work um i'm broke things that were later proven to not be true and then every year he got a follow-up questionnaire when he was receiving benefits and the follow-up questionnaire he wrote the same stuff um so the government charged what was within the statute of limitations um and then later it sought restitution for the full measure of conduct going all the way back to 1981 which i think was about 11 years before the statute of limit you know the first conduct that was within the statute of limitations um and what the eighth circuit said restitution for that full amount of time is okay um and importantly what the court said is and it didn't like really expand on its reasoning a lot but the indictment even though the government didn't charge the full amount of conduct back to 1981 the indictment laid out all that conduct in pretty clear detail um so the defendant had fair notice and then the 11th circuit judge joe flat wrote a case that also wasn't very helpful for us as united states versus dickerson and dickerson said we agree with wilson the eighth circuit and it applied a very similar rule which um as i take it is you know if if you don't have clear temporal limitations at the very least you need to include in the indictment all the conduct that you're going to seek restitution for um so can i just a pleading point about criminal law that i don't quite understand so i think of in conspiracy you have affirmative acts requirements and then objects well i'm just curious what happens in this case you know given the government's concern of this 10-year gap if we charge to wouldn't it be one possibility you just have there were three different objects of this conspiracy once as early as 0405 once 15 once 19 you have jury instructions that say do you find beyond a doubt that this act was shown in furtherance of it is that is that would that be a crazy thing to do here that wouldn't be a crazy thing to do but i i think still statutorily if you're going to seek restitution for a period that period has to be directly approximately tied to the offense of conviction and so if you're charged in three separate counts yeah well oh i see so then if it's the offense of conviction well no that would still work because the offense of conviction is a conspiracy these jury instructions wouldn't be about offenses they'd be about objects or acts and furtherance of the conspiracy so then you just have to show by a preponderance level that the 0405 stuff happened even if for whatever reason the jury didn't say it happened beyond a reasonable doubt i'm not sure i follow your honor like a detailed jury questionnaire yeah well i was just i was just trying to deal with the government's concern that um yes it would have been easy to do this plead this but they don't like to charge unless they've got the evidence right there where they think they can do a beyond a reasonable doubt which i respect that's a good thing in a government prosecutor so i'm just trying to figure out if there's a way to separate these things out a little bit you i'm saying out of time can i briefly respond yeah or just say you're not sure you understand the question which is a no i'm i'm i'm not sure i understand i mean i think the you know under the statute you say what was the defendant uh what was the offense of conviction you know what was the defendant found guilty of um and then the district court gets to make a preponderance of the evidence finding it actually gets to make two separate preponderance of the evidence findings gets to say um by a preponderance of the evidence who do i find was a victim of that offense and by a preponderance of the evidence what do i find where the loss is suffered by those victims from that offense but once you have a conviction the offense of conviction is locked in and that's what the jury found um the district court has a role to play but it's it's different thank you your honor all right thanks to both of you for your helpful advocacy um and mr brown i see you're a court appointed counsel so thank you so much for your service to mr gray he's quite fortunate to have you thank you it was a real honor to be here today all right thanks to both of you the case will be submitted and the clerk may call the next case